**CHRISTOPHER T. VAN WAGNER**
110 EAST MAIN STREET, SUITE 705
MADISON, WISCONSIN 53703
(608) 284-1200 FAX (608) 284-1260

www.wisconsinsexcrimelaws.com                    chris@chrisvanwagner.com

June 6, 2023

Honorable James D. Peterson,
U.S. District Judge
United States Courthouse
120 N. Henry Street, 5th Floor
Madison, Wisconsin 53703

**Re: United States v. Isaiah Phillips (Case No. 22-CR-112-JDP-3)**

Dear Judge Peterson:

    This letter will serve as a brief informal sentencing argument memo from the defense. The government maintains its recommendation for a probationary sentence. We support that.

    In this particular case, neither prison nor probation is the greatest punishment Isaiah will suffer. Rather, the fact that he is a lifelong felon for things he did as a teen and while struggling with mental health and addiction, that is what will follow and punish him for the rest of his life. It is undeniable that this felony conviction will be an anchor on his entire future. It's hardly naive to think that a young man of color will continue to suffer numerous instances of implicit bias or overt racism, in many ways and on many occasions and without redress. The combination will be life-altering in so many ways, no matter how much society struggles to embrace redemption.

    This is a case where the government might plausibly and rationally have chosen not to indict this young man, but instead invite him by target letter to an open pre-charging discussion about what was needed. That ship sailed forth, even while the government knew of the related, pending State case – through which Isaiah could entered into a more forgiving judicial and correctional supervision system and, once there, could have been required to address the mental health and addiction issues at the heart of this crime and Isaiah's other ill-advised behaviors. So we underscore the fact that his felony federal firearms record will unquestionably impede in ways large and small all of Isaiah's future prospects – for work, school, housing and even relationships. That punishment, oftentimes overlooked or minimized, is a 50-plus-year sanction.

    In fashioning a sentence, this Court must consider which among the sentencing factors are most important to achieve the Court's principle objectives. We ask this Court to choose probation with certain conditions to include psychological evaluation and treatment, medications as recommended, addiction treatment and therapy, and completion of a high school education, as the four most likely prongs to rehabilitate Isaiah and help him overcome his struggles while also protecting society and promoting respect for the law.

The most important factors for Isaiah are his young age and his even younger maturity level; we know that maturity is slowed by both mental health and addiction struggles. One can certainly think of his continued use of THC on release as the sign of a cavalier attitude. But in this particular case, it seems to be something other than that. Many teens project in a cavalier fashion, but underneath they are really tormented. Isaiah seems to fit that bill. Not many people report to their supervising pretrial services officer that they hear voices and the voices tell them to do things they shouldn't. Efforts to help Isaiah identify the root problems and address them during this case were hampered by his own immature struggles and as well by the departure of the psychiatrist who was treating him and prescribing medication. As a result of the loss of access to his medications, what did Isaiah do? He returned to THC – through which he found some measure of relief from the voices and his deep-seated mental health struggles. Anxiety in young people has only grown worse over the past few years, what with the combination of the pandemic's isolation and the internet's dominance over teens' lives. So many young persons' social skills and maturity levels have been retarded by the combination of those factors that suicide among young people is at an all-time high.

No one wants Isaiah to fail to overcome his struggles. One question for this Court is how to balance his clear needs with an equally clear message of punishment. The late Dane County Circuit Court Judge, Jim Martin, a sage and well-rounded man, often said that "a short time in jail is a good memory lesson and a long time in custody is a bad education." That's a plain-spoken way of discussing the criminogenic effect of incarceration. There's no question but that a young man, with mental health and addiction struggles or without, who is surrounded by criminal thinkers in general, will come out of any stint in jail or prison worse for the wear. At the same time, the true help Isaiah needs to learn in order to live productively and as a contributing and conforming member of society, is all available in the community over time – probation time.

In addition, he does have the very strong and lifelong support of loving family members. The court should note that in his grandparents' house, where he has lived while on release and before, there are strict rules about there being no drugs and no tolerance of drugs. Unfortunately, one cannot monitor a person 24 hours a day. But the Court should not interpret the continued pretrial use THC problem as some sort of tacit approval of the use of marijuana to address his mental health concerns. To the contrary, his grandparents have sought to remind him of their rules while also supplying clear education about the enhanced dangers of marijuana in today's world. The potency, the more addictive nature of it, and the enhanced psychoactive effect of it are the things they have shared and discussed with Isaiah. His grandfather, while retired from active law enforcement, is still a cop at heart and still wants to help serve and protect. His one greatest project is his grandson and he will continue with it, no matter the sentence.

The defense suggests that a probation sentence that includes the components identified above (full psychological evaluation, medication as directed, completion of high school, and other remunerative work) will give Isaiah and society the best chance at having Isaiah mature, contribute, and live crime-free. Recovery, reform and rehabilitation are all paths, not places. Isaiah is at the beginning of that intertwined path. We urge to Court not to divert him into a custodial setting and off that path – except in whatever small up-front dose the Court deems necessary to honor the late judge Martin's notion of a memory lesson. Isaiah could learn from that so as not to stray later while under supervision.

Thank you for consideration of these arguments about an appropriate sentence.

Respectfully submitted,

*/s/ (electronically signed)*

Christopher T. Van Wagner

cc: AUSA Kathryn Ginsberg (via ecf)